UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHASITIY POTTS,

Plaintiff,

-against-

GARUDA LABS INC. DBA INSTAWORK; MISQUAMICUT GOLF CLUB,

Defendants.

1:26-CV-6113 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Chasitiy Potts, of New York, New York, brings this action *pro se*, asserting claims of retaliation, employment discrimination, and other claims under Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. § 1981, the New York State Human Rights Law, the New York City Human Rights Law, and the New York City Freelance Isn’t Free Act. Plaintiff names as Defendants: (1) “Garuda Inc., DBA Instawork” (“Garuda”), of San Francisco, California; and (2) the Misquamicut Golf Club (“MGC”), of Watch Hill, Rhode Island. The Court understands Plaintiff’s complaint as asserting claims of retaliation and of employment discrimination under Title VII and Section 1981, as well as claims under state law.

For the reasons discussed below, the Court transfers this action to the United States District Court for the District of Rhode Island.

## DISCUSSION

### A. Claims under Title VII

The applicable venue provision for Plaintiff's claims under Title VII is found at 42 U.S.C. § 2000e-5(f)(3), which provides that such claims may be brought in a United States District Court for:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that the unlawful employment practice took place at the MGC, in Watch Hill, Rhode Island. (ECF 1, at 2-3, 5.) Rhode Island constitutes one federal judicial district, the District of Rhode Island. *See* 28 U.S.C. § 120. Plaintiff does not specify where the employment records relevant to such practice are maintained or administered, but it would appear that such records are maintained and administered at either the MGC, within the District of Rhode Island, *see id.*, at Garuda, in the Northern District of California, where Garuda's San Francisco, California, location lies, *see* 28 U.S.C. § 84(a), or within both of those judicial districts. It also seems that Plaintiff would have continued working at the MGC, in Watch Hill, Rhode Island, within the District of Rhode Island, *see* § 120, but for the alleged unlawful employment practice (*see* ECF 1, at 2-3, 5). Thus, the United States District Courts for the District of Rhode Island, and, perhaps, for the Northern District of California are proper venues for Plaintiff's claims under Title VII; this court is not. [1] *See* § 2000e-5(f).

---

[1] This judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);

**B. Remaining claims**

The applicable venue provision for Plaintiff's remaining claims, including the claims under Section 1981 and under state law, is found at 28 U.S.C. §1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[2] § 1391(c)(1), (2).

Because Plaintiff does not allege that the Defendants reside within the State of New York and that at least one of them resides within this judicial district, this court is not a proper venue for Plaintiff's claims under Section 1981 and under state law, under Section 1391(b)(1). Plaintiff

---

(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] For venue purposes, with respect to the residence of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

does allege, however, that the events giving rise to the claims under Section 1981 and under state law occurred at the MGC, in Watch Hill, Rhode Island (ECF 1, at 3, 5), within the District of Rhode Island, *see* § 120. Accordingly, under Section 1391(b)(2), the United States District Court for the District of Rhode Island, not this court, is a proper venue for Plaintiff's claims under Section 1981 and under state law.

**C. This court is a wrong venue for this action**

Because this court is not a proper venue for any of Plaintiff's claims, it is a wrong venue in which to consider them. Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in a wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, while this court is not a proper venue for any of Plaintiff's claims, the United States District Court for the District of Rhode Island is a proper venue for all of them. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the District of Rhode Island. *See* § 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Rhode Island. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge